# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

| | |
|---|---|
| **JONATHAN STEVEN DEUTSCH,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| v. ) | Civil Action Nos. 2:13-016757 |
| ) | Criminal Action No. 2:10-00160-1 |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's letter-form Motion to Withdraw his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 143.), filed on July 26, 2013.[1] By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 141.)

### FACTUAL BACKGROUND

On May 13, 2011, Movant pled guilty to False Statement to a Financial Institution (Count 30 of Second Superseding Indictment) in violation of 18 U.S.C. § 1014. (Criminal Action No. 2:10-0160, Document Nos. 95, 96, and 98.) Movant was sentenced on June 11, 2012. (Id., Document Nos. 131 and 134.) The District Court ordered that Movant serve a 24-month term of incarceration to be followed by a five-year term of supervised release. (Id.) The District Court also imposed a $100 special assessment and $118,429.88 in restitution. (Id.) Movant did not appeal his sentence or conviction to the Fourth Circuit Court of Appeals.

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

On July 2, 2013, Movant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[2] (Civil No. 5:13-016757, Document No. 140.) As grounds for *habeas* relief, Movant states as follows:

> 1. Whether or not an omission on a bank application is a criminal violation of 18 U.S.C. § 1014. Please see issue I raised in pro se letter to Judge Johnston, Doc. 116, March 2, 2012. Congress criminalized only false statements in 18 U.S.C. § 1014. Congress did not include nor expressly mention omissions. Court of Appeals appear divided - 4th Circuit never ruled – 6th Circuit 2013 opinion said omissions not criminal violations.
>
> 2. Please see attached Motion to Dismiss Indictments that trail court deferred ruling upon and may have mooted with plea. Motion is respectfully reinstated and reconsideration requested due to serious

---

[2] In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255.

Movant's sentence was imposed by Judgment Order filed on June 14, 2012, and his sentence became final ten days later when he did not file a Notice of Appeal (June 28, 2012). Although Movant's Section 2255 Motion was received and filed by the Clerk on July 2, 2013, Movant's Section 2255 Motion is dated June 27, 2013. The "prison mailbox rule" as announced in *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988), requires the court to consider an inmate's submission as filed when he delivers it to prison officials for mailing. *Also see Lewis v. Richmond City Police Department*, 947 F.2d 733, 735-36 (4th Cir. 1991). The Court, therefore, will consider Movant's instant Section 2255 Motion to be timely.

> constitutional violations noted. Request any and all current or future charges be dismissed with prejudice per attached.

(Id., pp. 4 - 5.) Therefore, Movant requests that the Court "reverse conviction since Defendant pled guilty to a charge that does not constitute a crime that is beyond the power of the statute (18 U.S.C. § 1014) to criminalize – then the plea was not entered intelligently. (Id., p. 13.)

As Exhibits, Movant attaches the following: (1) A copy of an article entitled "Omissions of Material Fact Don't Qualify as False Statements to Obtain Bank Loans" (Id., Document No. 140-1.); (2) A copy of United States v. Deutsch, 2012 U.S. Dist. LEXIS 64789 (S.D.W.Va. May 8, 2012) (Id., Document No. 140-2.); and (3) A copy of "Defendant Jonathan Deutsch's Motion to Dismiss the Superseding Indictment" (Id., Document No. 140-3.).

On July 26, 2013, Movant filed a letter-form Motion to Withdraw his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (Id., Document No. 143.) In support, Movant states that "I am experiencing serious health issues and cannot go forward with any new court efforts." (Id.) Movant, therefore, requests that his Section 2255 Motion be withdrawn. (Id.)

## ANALYSIS

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a Movant may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule

3

41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

Respondent has neither filed an Answer to Movant's Motion nor otherwise pled. Accordingly, the undersigned respectfully recommends that Movant's Motion requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(i). See e.g., Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

## PROPOSED FINDINGS AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Movant's letter-form Motion to Withdraw (Document No. 143.), **DISMISS** Movant's "Motion Under 28 U.S.C. §

2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" (Document No. 140.), and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: August 26, 2013.

R. Clarke VanDervort
United States Magistrate Judge